571 So.2d 557 (1990)
John ADDERLY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-160.
District Court of Appeal of Florida, First District.
December 19, 1990.
Barbara M. Linthicum, Public Defender, Lawrence M. Korn, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Virlindia Doss, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
This is an appeal of an order denying the appellant's motion to dismiss. The appellant contends that section 831.31, Florida Statutes (1989), under which he was charged, does not apply to an act of possession *558 of cocaine in an unmarked, clear, plastic bag. We agree and reverse the defendant's conviction.
Section 831.31 states:
(2) For purposes of this section, "counterfeit controlled substance" means:
(a) A controlled substance named or described in s. 893.03 which, or the container or labeling of which, without authorization bears the trademark, trade name, or other identifying mark, imprint, or number, or any likeness thereof, of a manufacturer other than the person who in fact manufactured the controlled substance; or
(b) Any substance which is falsely identified by its container or labeling as a controlled substance named or described in s. 893.03.
The appellant was arrested with a clear plastic bag containing eight rocks of fake crack. He was subsequently charged with possession with intent to sell a counterfeit controlled substance in violation of the above statute. In his motion to dismiss, the appellant alleged that the statute does not apply because it defines controlled substances as being identified by the container or the labeling. The plastic bag which the defendant was carrying was nondescript, unmarked, and unlabeled. The sole issue before the trial judge was whether or not the fact that the substance was contained in a plastic bag sufficiently identified the substance as crack cocaine within the meaning of the counterfeit controlled substance statute.
A similar factual situation was presented in Twinn v. State, 442 So.2d 286 (Fla. 3rd DCA 1983). The defendant in Twinn was arrested while possessing a white powder, which was not cocaine, in clear plastic bags. The appellate court reversed, finding that placing the white substance in a plastic bag is not sufficient to qualify as an act of mislabeling.
We find that the trial court's application of section 831.31, Florida Statutes, exceeded the intended scope of the statute. For that reason, we reverse with instructions for the trial court to enter an order granting the appellant's motion to dismiss.
JOANOS and BARFIELD, JJ., concur.