583 So.2d 424 (1991)
Lawrence DURR, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2072.
District Court of Appeal of Florida, First District.
August 5, 1991.
James C. Banks, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Lawrence Durr has appealed an order of the trial court denying his motion to dismiss a charge of possessing with intent to sell or deliver a counterfeit controlled substance, contrary to section 831.31(1)(a), Florida Statutes (1989). We reverse, with instructions to enter an order granting Durr's motion to dismiss.
Following an anonymous tip, a police officer approached Durr and received permission to search him. The officer found a clear Ziploc sandwich bag containing 12 rocks of what appeared to be cocaine, but was not. Durr was charged under section 831.31, which makes it unlawful to possess with intent to sell or deliver a "counterfeit controlled substance." The latter term is defined in section 831.31(2)(b) as "[a]ny substance which is falsely identified by its container ... as a substance named or described in s. 893.03" (emphasis supplied). Durr moved to dismiss the charge, alleging that an ordinary plastic sandwich bag did not "falsely identify" its contents as cocaine. The trial court denied the motion, and Durr entered a plea of nolo contendere, reserving the right to appeal that ruling.
In Adderly v. State, 571 So.2d 557 (Fla. 1st DCA 1990), the appellant was arrested with a clear plastic bag, "nondescript, unmarked and unlabeled," containing 8 rocks of fake cocaine. He moved to dismiss the subsequent charge under 831.31, and the trial court denied the motion. This court reversed, citing Twinn v. State, 442 So.2d 286 (Fla. 3d DCA 1983), which held that placing a white powder in a plastic bag is not sufficient to qualify as an act of mislabeling. We find that the facts of this case are controlled by Adderly, and as we did in that case, reverse the order appealed with instructions to enter an order granting Durr's motion to dismiss.
JOANOS, C.J., and BARFIELD and ZEHMER, JJ., concur.