668 So.2d 967 (1996)
Germaine BERRY, Petitioner,
v.
STATE of Florida, Respondent.
No. 85540.
Supreme Court of Florida.
February 29, 1996.
*968 Richard L. Jorandby, Public Defender; and Frantz K. Vital and Cherry Grant, Assistant Public Defenders, West Palm Beach, for Petitioner.
Robert A. Butterworth, Attorney General and Joan L. Greenberg, Assistant Attorney General, West Palm Beach, for Respondent.
GRIMES, Chief Justice.
We have for review Berry v. State, 652 So.2d 836 (Fla. 4th DCA 1994), which certified conflict with Brinson v. State, 483 So.2d 13 (Fla. 1st DCA 1985), review denied, 492 So.2d 1335 (Fla.1986). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Germaine Berry and several other individuals entered Nasezze Salako's apartment and robbed both him and his friend Suleiman Laro at gunpoint. Laro testified that his hands were tied behind his back with a hanger and his feet were tied together with a telephone cord. He then was made to kneel down with his chest over a dining room chair. Meanwhile, the robbers forced Mr. Salako to walk from room to room of the apartment to show them where valuable items were located. After the robbers had finished removing all of the items from the apartment, one of them tied Mr. Salako's hands behind his back and then tied his legs to his hands, leaving him face down on the floor. Berry and the others left the apartment without untying the two men. Salako freed himself shortly thereafter and, after leaving the apartment to call the police, returned and untied Mr. Laro.
Berry was convicted of armed robbery and kidnapping. The district court of appeal affirmed *969 the kidnapping conviction, concluding that the actions of Berry and his companions satisfied the test adopted in Faison v. State, 426 So.2d 963 (Fla.1983), to support a conviction for kidnapping under section 787.01(1)(a)2, Florida Statutes (1993). The district court went on to hold that the act of binding or tying up a victim during the course of a felony, standing alone, will support a kidnapping conviction under Faison.
Section 787.01 states in relevant part:
787.01 Kidnapping; kidnapping of child under age 13, aggravating circumstances.
(1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his [or her] will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.

3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
(Emphasis added.)
As a preliminary matter, we agree with the district court that the act of tying someone up constitutes a "confinement" within the meaning of section 787.01. The confinement here obviously was against the will of the victims and also was with the intent to commit or facilitate the commission of the robbery, thereby meeting the second type of intent listed in the statute. However, the inquiry into whether a kidnapping has occurred does not end with an examination of the statute.
In Mobley v. State, 409 So.2d 1031, 1034 (Fla.1982), this Court recognized that a literal interpretation of subsection 787.01(1)(a)2 would result in a kidnapping conviction for "any criminal transaction which inherently involves the unlawful confinement of another person, such as robbery or sexual battery." Thus, in an effort to limit the circumstances under which a confinement, abduction, or imprisonment will constitute kidnapping under subsection 787.01(1)(a)2, this Court in Faison adopted the test of the Supreme Court of Kansas. Under Faison,
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison, 426 So.2d at 965 (quoting State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)).
Applying the first prong of the Faison test to the facts of the instant case, we do not believe that the confinement was slight, inconsequential, and merely incidental to the other crime. We construe this prong to mean that there can be no kidnapping where the only confinement involved is the sort that, though not necessary to the underlying felony, is likely to naturally accompany it. For example, if Berry and the others had confined the victims by simply holding them at gunpoint, or if the robbers had moved the victims to a different room in the apartment, closed the door, and ordered them not to come out, the kidnapping conviction could not stand. In both hypotheticals, any confinement accompanying the robbery would cease naturally with the robbery. By contrast, in this case the robbers left the scene of the robbery without untying the victims, thereby leaving them both in a precarious and vulnerable state for a period beyond the robbery. Like the situation where the victim of a forcible felony is barricaded or locked in a room or closet, the confinement continued even after the robbery had ceased. This is not the sort of confinement that is incidental to robbery.
The binding of the victims also satisfies the second prong of Faison. We conclude that the confinement was not of a sort inherent in a robbery because it was not necessary to tie up the victims in order to commit the robbery. Indeed, Berry would *970 have been convicted of robbery even in the absence of evidence that the victims had been tied up.
With respect to the third prong of Faison, it is clear that the binding of the victims was a confinement with independent significance from the underlying felony in that it substantially reduced the risk of detection. We cannot see why Berry and his companions left the apartment with the victims still bound, if not for the purpose of making a clean getaway. The fact that Mr. Salako freed himself shortly after the robbers left does not negate this finding as to his confinement. As we stated in Ferguson v. State, 533 So.2d 763, 764 (Fla.1988),
the determination of whether the confinement makes the other crime substantially easier of commission or substantially lessens the risk of detection does not depend upon the accomplishment of its purpose. The question is whether the initial confinement was intended to further either of these objectives.
Thus, our decision today leads us to disapprove of the decision in Brinson, where the robbers gathered all of the victims into one room and bound their hands and legs with neckties, leaving them face down on the floor. One of the victims freed himself within minutes after the robbers left and untied the others. The district court of appeal found that this confinement was slight, inconsequential, and incidental to the robbery being committed and reversed the kidnapping conviction. However, the Brinson court did not have the benefit of our subsequent decision in Ferguson, which makes clear that the success of the confinement is not an integral part of the test.
Berry also asks this Court to revise the test in Faison. He maintains that the test is confusing and ambiguous, rendering its application difficult. He suggests that we add the requirement that there be a substantial break between the underlying felony and the kidnapping as well as a requirement that the confinement increase the risk of harm to the victim of the underlying felony. While we agree that the current test is not an easy one to apply, we attribute this difficulty not to the test itself but rather to the diverse factual situations to which it must be applied. We fail to see how adding two more prongs to the test would eliminate the problem. In any event, these two additional elements would lead us to stray even further from the language of the statute. This we are not willing to do.
We note, however, that some of the confusion in the application of Faison can be traced to the blurring of the distinction between "movement" and "confinement," which are treated in the disjunctive in the Faison test. This is exemplified by Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987), in which the defendant robbed a Pizza Hut by tying up one employee and moving the employee about the interior of the store and forcing another employee to open the safe by threatening that employee with a gun. The court held that the confinement and movement were incidental to the robbery. Later, in Walker v. State, 604 So.2d 475 (Fla.1992), we reversed a kidnapping conviction where the defendant and another had moved several employees to the back of the store and ordered them to lie down on the floor during the course of the robbery. We concluded that, as in Kirtsey, the movement of the victims was incidental to the robbery. However, our opinion in Walker should not be construed as approving Kirtsey in its entirety. We carefully distinguished Kirtsey insofar as confinement was concerned by stating: "At least with respect to the employee who was not tied up, the pertinent facts of Kirtsey are virtually the same as those in the instant case." Walker, 604 So.2d at 477. Similarly in this case, it is the confinement of the victims rather than their movement which justifies the kidnapping conviction.
Accordingly, we approve the decision below. We disapprove the decisions in Brinson and Kirtsey to the extent they are inconsistent with this opinion.
It is so ordered.
*971 OVERTON, HARDING, WELLS and ANSTEAD, JJ., concur.
SHAW and KOGAN, JJ., concur in result only.