693 So.2d 65 (1997)
Agnes Maria GIBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1578.
District Court of Appeal of Florida, Fourth District.
April 9, 1997.
Rehearing Denied May 20, 1997.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sharon A. Wood, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction for carrying a concealed firearm, finding that the denial of the motion for judgment of acquittal was not preserved for appeal because the motion was general and not specific. Johnson v. State, 478 So.2d 885, 886 (Fla. 3d DCA 1985), dismissed, 488 So.2d 830 (Fla.1986). In addition, even if we would consider it preserved, the question of whether the gun was concealed was a question of fact for the jury to consider under the circumstances. Ensor v. State, 403 So.2d 349 (Fla.1981). We also affirm the imposition of the public defender's fee. While appellant objected in the trial court to the imposition of the fee because of her inability to pay, on appeal her argument is that the fee is speculative, a point which was not raised below and therefore was not preserved. See Holmes v. State, 658 So.2d 1185 (Fla. 4th DCA 1995).
The state concedes that the written order of probation must be corrected to reflect that appellant was sentenced to two years of probation, in accordance with the trial court's oral pronouncement. See Avery v. State, 543 So.2d 296 (Fla. 5th DCA), dismissed, 553 So.2d 1164 (Fla.1989). We therefore remand to the trial court to correct the written sentence.
Affirmed and remanded.
WARNER, PARIENTE and STEVENSON, JJ., concur.