701 So.2d 656 (1997)
STATE of Florida, Petitioner,
v.
Manuel Segundo CARRASCO, Respondent.
No. 97-2484.
District Court of Appeal of Florida, Fourth District.
November 19, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for petitioner.
No response for respondent.
PER CURIAM.
The State seeks certiorari review of an order denying its petition to require public notice of the presence of a sexual predator, Manuel Carrasco.
In April of 1997, the state filed a petition to require public notice of the presence of a sexual predator pursuant to section 775.225, Florida Statutes (1995), and section 775.21(4)(b)(2), Florida Statutes (Supp.1996). The trial court denied the petition because section 775.225 was repealed in July of 1996. However, section 775.21 replaced the repealed statute and became effective on July 1, 1996. In McKibben v. Mallory, 293 So.2d 48 (Fla.1974), the court stated:
[W]here a statute has been repealed and substantially re-enacted by a statute which contains additions to or changes in the original statute, the re-enacted provisions are deemed to have been in operation continuously from the original enactment whereas the additions or changes are treated as amendments effective from the time the new statute goes into effect.
McKibben, 293 So.2d at 53.
Courts are almost universal in recognizing that registration requirements for sexual predators are designed to enable the public to protect itself from dangers posed by sexual predators who are widely regarded as having high risks of recidivism. These courts recognize that registration statutes are regulatory in nature and do not constitute punishment subject to constitutional ex post facto challenges.
Fletcher v. State, 699 So.2d 346 (Fla. 5th DCA 1997).
Accordingly, the petition for writ of certiorari is granted, the trial court's order is *657 quashed and the cause is remanded for further proceedings.
DELL, STEVENSON and SHAHOOD, JJ., concur.