705 So.2d 572 (1998)
Milton GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3895.
District Court of Appeal of Florida, Fourth District.
January 28, 1998.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, Milton Griffin, was charged by information with, and convicted of, the armed kidnapping of Veronica Linn ("Ms.Linn"); the armed kidnapping of Ms. Linn's three-year-old daughter, Victoria; the armed robbery of Ms. Linn; and carrying a concealed firearm. We affirm in all respects, except for the conviction and sentence for the kidnapping of young Victoria Linn, which we reverse because there was no evidence which would legally support that charge.
At trial, Ms. Linn testified that on January 15, 1996, she was working as a shift manager at the Dolphin Beepers shop in Dania. Her three-year-old daughter, Victoria, had accompanied her to work. At shortly after 10:00 a.m., two men, one identified as appellant, entered the store.[1] After exchanging a few comments with Ms. Linn, appellant removed two guns from a zippered bag and handed one of them to the other man.
Appellant pointed his gun at Ms. Linn and asked her if the little girl was her daughter. Appellant then told Ms. Linn to get the girl, who was on the other side of the room playing Nintendo. Appellant grabbed Ms. Linn's arm and took her to a broom closet near the back of the store. Victoria came along, but Ms. Linn could not remember whether she was holding her daughter, or how Victoria *573 got there. Appellant put Ms. Linn in the closet. Ms. Linn added that Victoria "just came in with me." Ms. Linn testified that appellant had not locked the closet door, and that she could have opened it, but that she was afraid.
Appellant soon returned, opened the closet, and tied Ms. Linn's hands with plastic garbage bag ties. He then took Ms. Linn from the closet to a couch in a nearby room, where he tied her feet. Victoria was also moved to this other room; Ms. Linn testified that appellant "put us inside there." Victoria was not tied up in any way"[s]he was just standing there."
Appellant and the other man were entering this room and asking Ms. Linn questions, such as whether there was a security camera in the store. Eventually, Ms. Linn's mouth was covered with duct tape. Ms. Linn could hear the front door of the shop open and close a few times. Finally, appellant returned to search Ms. Linn's pockets. He found, and took, $300 from her jeans pocket. About one minute after Ms. Linn stopped hearing activity in the store, she hopped out the back door of the shop. A nearby store owner phoned the police for her.
Appellant testified that he did not commit the robbery. However, the evidence of guilt included Ms. Linn's photographic identification and in-court identification of appellant; appellant's fingerprints on a freshly windexed display case; and the discovery of a computer printer, identified as one stolen from the shop, in appellant's room.
At the close of the State's case, appellant moved for judgment of acquittal on the dual grounds that (1) the State failed to establish a prima facie case as to the four counts; and (2) the State failed to prove the identity of the child victim. The court denied the motion. At the close of the evidence, appellant renewed his motion for judgment of acquittal on the ground that the State had failed to establish a prima facie case on any of the counts. Again, the motion was denied. The jury convicted appellant on all charges, and the trial court imposed sentence.

Preservation
Appellant's motions for judgment of acquittal did not specifically set forth the ground argued on this appealnamely, that the confinement of three-year-old Victoria Linn did not constitute a kidnapping since it was merely incidental to the robbery. See Reed v. State, 603 So.2d 69 (Fla. 4th DCA 1992)(explaining that only those grounds raised in a motion for judgment of acquittal are reviewable on appeal). A motion for judgment of acquittal which does no more than generally allege that the State has failed to establish a prima facie case is insufficient to preserve the instant issue for appeal. See Johnson v. State, 478 So.2d 885, 886 (Fla. 3d DCA 1985)(holding that a "general" motion for judgment of acquittal which asserted, "without explanation or argument, that the state had failed to prove a `prima facie' case of the crime charged in the indictment" was insufficient to preserve for appeal the specific argument that the State had failed to prove the age of the victim to support a conviction for sexual battery of a child under the age of eleven); Gibbs v. State, 693 So.2d 65 (Fla. 4th DCA 1997)(relying upon Johnson in finding that a "general" motion for judgment of acquittal was insufficient to preserve the specific argument for appeal). Thus, appellant must, and does, argue on appeal that his conviction for kidnapping Victoria Linn constitutes fundamental error.

The crime of kidnapping
The supreme court has held that the crime of kidnapping, which consists of "confining, abducting, or imprisoning another person ... with intent to commit or facilitate commission of any felony," § 787.01(1)(a)2, Fla. Stat. (1995), "does not include movement or confinement that is inconsequential or inherent in the nature of the felony." Faison v. State, 426 So.2d 963, 966 (Fla.1983)(quoting Harkins v. State, 380 So.2d 524, 528 (Fla. 5th DCA 1980)). Faison adopted the test laid out in State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976):
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:

*574 (a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison, 426 So.2d at 965.
In this case, appellant does not contest the applicability of prongs (b) and (c) of the Faison-Buggs test. His challenge is to prong (a)that the movement/confinement of Victoria Linn, as a matter of law, was "slight, inconsequential and merely incidental" to the robbery.
In Berry v. State, 668 So.2d 967, 969 (Fla. 1996), the supreme court revisited the Faison-Buggs test and construed prong (a) to mean that
there can be no kidnapping where the only confinement involved is the sort that, though not necessary to the underlying felony, is likely to naturally accompany it.
In applying this test, the court explained:
For example, if Berry and the others had confined the victims by simply holding them at gunpoint, or if the robbers had moved the victims to a different room in the apartment, closed the door, and ordered them not to come out, the kidnapping conviction could not stand. In both hypotheticals, any confinement accompanying the robbery would cease naturally with the robbery. By contrast, in this case the robbers left the scene of the robbery without untying the victims, thereby leaving them both in a precarious and vulnerable state for a period beyond the robbery. Like the situation where the victim of a forcible felony is barricaded or locked in a room or closet, the confinement continued even after the robbery had ceased. This is not the sort of confinement that is incidental to robbery.
Id. (emphasis added).
The hypothetical described in Berry seems to be exactly what took place with respect to Victoria Linn.[2] The child was not tied up in any way, but was merely confined first to an unlocked broom closet, and then to another unlocked room. Her confinement did not extend any longer than the robbery, but "cease[d] naturally with the robbery"; once the robbers left the store, Victoria was no longer confined in any way, nor was she left in a "precarious and vulnerable state for a period beyond the robbery" as were the victims in Berry.[3] In Formor v. State, 676 So.2d 1013 (Fla. 5th DCA 1996), the court reversed multiple kidnapping convictions under the authority of Berry where intruders, while committing robberies in two separate motels, ordered the victims into their respective hotel room bathrooms and told them not come out or they might be killed. The court described this confinement as "minimal, insignificant and merely incidental to the crime of robbery." Id. at 1015. Likewise, in the instant case, the State's evidence established that appellant did no more to Victoria Linn than move her to an unlocked area of the store for the duration of the robbery.

Fundamental error
We find that appellant's conviction for kidnapping Victoria Linn is fundamentally erroneous because it is a conviction for a crime that did not take place. A conviction is fundamentally erroneous when the facts affirmatively proven by the State simply do not constitute the charged offense as a matter of law. See Nelson v. State, 543 So.2d 1308, 1309 (Fla. 2d DCA 1989)(distinguishing the "usual failure of proof case"which, as the court acknowledged, must be raised in a motion for judgment of acquittaland the circumstance where the evidence affirmatively *575 shows that the defendant's conduct "did not constitute" the charged offense); Hornsby v. State, 680 So.2d 598 (Fla. 2d DCA 1996)(finding fundamental error "where the defendant's conduct clearly did not constitute the crime for which he was convicted"); Harris v. State, 647 So.2d 206 (Fla. 1st DCA 1994)(finding fundamental error and reversing conviction for resisting arrest without violence since the crime "did not take place" where there the officer's actions were not supported by reasonable suspicion, an essential element of the offense).
Accordingly, appellant's conviction and sentence for the kidnapping of Victoria Linn are reversed and this cause remanded for resentencing.
AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.
WARNER, J., and PARIENTE, BARBARA J., Associate Judge, concur.
NOTES
[1] Marcus Milian, who is thought to be appellant's accomplice, was tried separately.
[2] Appellant is not challenging the kidnapping conviction with respect to the mother, Ms. Linn. Appellant apparently recognizes that because Ms. Linn was left tied up (like the victims in Berry), her confinement extended beyond the temporal scope of the robbery, and, therefore, the kidnapping conviction as to her is not erroneous.
[3] Although that portion of Berry holding that merely moving robbery victims to another room for the duration of the robbery does not support a kidnapping conviction is dicta, dicta from the supreme court is persuasive authority. See Horton v. Unigard Ins., Co., 355 So.2d 154, 155 (Fla. 4th DCA 1978).