PER CURIAM.
Given appellant’s general, unspecific complaints about his trial attorney, we find that the trial court’s inquiry into the situation was adequate under Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). See Branch v. State, 685 So.2d 1250 (Fla.1996); Lowe v. State, 650 So.2d 969 (Fla.1994).
The kidnapping conviction was supported by the evidence, under the parameters of Faison v. State, 426 So.2d 963, 966 (Fla.1983). The defendant tied the victim’s hands behind her back with the cord from an iron. Then he shoved her into another room, where two sexual batteries occurred. After the incident, the defendant left the room without untying the victim’s hands. After five or ten minutes, the victim ran to the next door neighbor’s house, but no one was home. She went to another neighbor’s house, but the person inside refused to help her. The victim finally received assistance from someone in the “next complex.” A woman untied her hands and the woman’s husband called the police. Because the victim was left tied up, her confinement extended beyond the temporal scope of the sexual batteries. See Griffin v. State, 705 So.2d 572, 574 n. 2 (Fla. 4th DCA 1998). The tying of the victim hindered her ability to seek help and left her “in a precarious and vulnerable state for a period beyond” the sexual battery. See Berry v. State, 668 So.2d 967, 969 (Fla.1996).
The purported sentencing errors were not preserved for appeal. See Harriet v. State, 710 So.2d 102 (Fla. 4th DCA 1998); Johnson v. State, 697 So.2d 1245 (Fla. 1st DCA 1997). There was no due process violation in the trial court’s adjudication of the defendant as a sexual predator under Section 775.21, Florida Statutes (1997). See State v. Carrasco, 701 So.2d 656 (Fla. 4th DCA 1997); Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997).
AFFIRMED.
STONE, C.J., and WARNER and GROSS, JJ., concur.