STONE, Chief Judge.
Appellant was convicted and sentenced on three counts: armed sexual battery, armed kidnapping, and burglary with intent to commit battery. We reverse the conviction on the armed kidnapping count and affirm the conviction and sentence on the other two counts.
The record reflects that the victim parked her car in a parking lo,t. Before she could exit, Appellant opened her door, pointed a gun at her, and told her to move into the passenger seat. Appellant ordered the victim to hand over her jewelry and money and committed sexual battery by multiple acts. He took $50.00 from her purse; then, as he left, he ordered the victim to get down on the floor board of her car and remain there or he *956 would shoot up the ear. When the victim heard Appellant’s ear leave, she immediately-got out of the car to seek help.
The movement of the victim into the passenger seat was slight and was incidental to the underlying crimes of sexual battery and robbery; therefore, it was error to deny Appellant’s motion for judgment of acquittal on the kidnapping charge.
Section 787.01(l)(a) defines “Kidnapping” as:
[Fjoreibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to ...
* * ‡
2. Commit or facilitate commission of any felony;
3. Inflict bodily harm upon or to terrorize the victim or another person ...
Recognizing that a literal construction of the kidnapping statute would potentially convert almost any forcible felony into kidnapping, the Florida Supreme Court has adopted a three-prong test to determine whether movement or confinement during the commission of another felony is sufficient to justify an additional conviction for kidnapping. For a kidnapping conviction to stand, the resulting movement or confinement: (1) must not be slight, inconsequential, and merely incidental to the other offense; (2) must not be of the kind inherent in the nature of the other offense; and (3) must have some significance independent of the other offense in that it makes the other offense substantially easier to commit or substantially lessens the risk of detection. Faison v. State, 426 So.2d 963 (Fla.1983).
In Berry v. State, 668 So.2d 967, 969 (Fla.1996), the supreme court construed prong (1) to mean that, “there can be no kidnapping where the only confinement involved is the sort that, though not necessary to the underlying felony, is likely to naturally accompany it.” In applying this test, the court explained:
For example, if Berry and the others had confined the victims by simply holding them at gunpoint, or if the robbers had moved the victims to a different room in the apartment, closed the door, and ordered them not to come out, the kidnapping conviction could not stand. In both hypotheticals, any confinement accompanying the robbery would cease naturally with the robbery. By contrast, in this case the robbers left the scene of the robbery without untying the victims, thereby leaving them both in a precarious and vulnerable state for a period beyond the robbery. Like the situation where the victim of a forcible felony is barricaded or locked in a room or closet, the confinement continued even after the robbery had ceased. This is not the sort of confinement that is incidental to robbery.

Id.

This court recently applied Berry in Griffin v. State, 705 So.2d 572 (Fla. 4th DCA 1998). In Griffin, a defendant was convicted of armed kidnapping of a three-year-old girl during the course of a store robbery. The defendant pointed a gun at the girl and her mother and put them in a broom closet near the back of the store. The defendant later returned, took the mother away, tied her up, and moved the little girl to another room. The room was not locked, and she was not tied up in any way. Her confinement did not extend any longer than the robbery, but “cease[dj naturally with the robbery,” and the girl was not left in a precarious or vulnerable state for a period beyond the robbery. This court concluded that the defendant could not be guilty of kidnapping, as he did no more than move the girl to an unlocked area of the store for the duration of the robbery.
Similarly, in McCutcheon v. State, 711 So.2d 1286, 23 Fla. L. Weekly D1291 (Fla. 4th DCA 1998), this court reversed a false imprisonment conviction where movement of the victim was merely incidental to the underlying crime. In McCutcheon, the defendant, in the course of robbing a store, forced the store manager from the register to the back stock room. After forcing her into the stock room, he pushed the victim up against the wall and started hitting her. As she attempted to escape, he closed the stock room door so no one could observe his actions or hear her screams, he then pinned the *957 victim to the floor. The defendant then had the victim open the safe and then return to the register. The victim eventually managed to escape. This court noted that at no time was the victim ever tied up or in any way confined longer than the robbery, and she was never left in a precarious or vulnerable state for a period of time beyond the robbery. This court, therefore, reversed the false imprisonment conviction, reasoning that the confinement was the sort likely to naturally accompany the underlying felony. See also Rohan v. State, 696 So.2d 901 (Fla. 4th DCA 1997).
There is no discernible reason for treating an automobile interior any different than a room. The movement of the victim inside the car was patently incident to committing the sexual battery at that location. The victim testified that she was in the car when Defendant forced himself into the car with her. As he left, he did tell her to stay down on the floor board, but she was not otherwise confined. Therefore, applying the above test, Appellant cannot be convicted of kidnapping.
As to the other issues raised, we affirm. There was ample proof that Defendant was armed in committing these crimes. We also reject Defendant’s argument that the cumulative impact of allegedly improper argument constituted fundamental error. We remand for modification of the judgment and sentence.
POLEN and TAYLOR, JJ., concur.