730 So.2d 314 (1999)
Michael WHITFIELD, Petitioner,
v.
Harry SINGLETARY, Sec. of, Fl. Dept. of Corr., etc., Respondent.
No. 98-0531
District Court of Appeal of Florida, Third District.
February 10, 1999.
Opinion Denying Rehearing April 21, 1999.
*315 Michael Whitfield, in proper person.
Robert A. Butterworth, Attorney General, and Lara J. Edelstein, Assistant Attorney General, for respondent.
Before COPE, GERSTEN and FLETCHER, JJ.
PER CURIAM.
Michael Whitfield petitions for a writ of habeas corpus, alleging ineffective assistance of appellate counsel. Defendant-petitioner contends that his appellate counsel should have challenged the sufficiency of the evidence to support the four kidnapping convictions in this case. First, defendant's "boilerplate" motion for judgment of acquittal in the trial court did not raise with particularity this issue, and thus did not properly preserve it for appellate review. See Johnson v. State, 478 So.2d 885, 886 (Fla. 3d DCA 1985). But see Griffin v. State, 705 So.2d 572, 573-75 (Fla. 4th DCA 1998) (on facts presented, treating error as fundamental). Assuming that the point had been properly preserved for appellate review, it is without merit. The facts of the present case resemble Faison v. State, 426 So.2d 963 (Fla.1983), and the evidence was sufficient. Defendant relies on the decisions in Berry v. State, 668 So.2d 967 (Fla.1996), and Walker v. State, 604 So.2d 475, 477 (Fla.1992), but they are not controlling here. The Berry decision points out that the Faison test can be satisfied by showing either "movement" or "confinement" of the victims. See 668 So.2d at 970. Neither Berry nor Walker has overruled Faison, see id. at 668 So.2d at 970, 604 So.2d at 477, and we deny the petition on authority of Faison itself.
We find no merit in defendant's remaining claims.
Petition denied.

On Rehearing Denied
PER CURIAM.
In his motion for rehearing defendant reiterates his claim that appellate counsel was ineffective for failing to challenge defendant's predicate offenses for his habitual violent felony offender adjudication. Defendant's direct appeal was decided prior to the enactment of the Criminal Appeal Reform Act, see § 924.051, Fla. Stat. (Supp.1996), and we assume for present purposes that such a challenge could have been raised even though there was no objection to the predicate offenses in the trial court.
The judgments relied on by the State for habitualization were introduced into the trial court record. Among these is an adjudication of guilt for the offense of robbery imposed within five years of the offenses for which the defendant was habitualized. This qualifies defendant as a habitual violent felony offender. See § 775.084(1)(b), Fla. Stat. (1989).
It is true that the defendant was sentenced as a youthful offender for this crime, but that does not preclude its consideration as a predicate offense. That is so because adjudication was imposed, and the defendant was sentenced to a term of incarceration. The habitual offender statute precludes using as a predicate offense an offense for which adjudication was withheld and probation imposed (unless the habitualization offense was committed during the probationary period). See § 775.084(2), Fla. Stat. (1989); Overstreet v. State, 629 So.2d 125 (Fla.1993) (Youthful Offender Act). In this case, however, there was no withholding of adjudication on the robbery offense and therefore the robbery conviction was properly found to be a predicate offense for the habitual violent offender adjudication. It follows that defendant's appellate counsel was correct in not raising this claim in the defendant's direct appeal.
Rehearing denied.