DAVIS, J.
Appellant, Douglas John Patak, who pled guilty to and was convicted of one count of armed robbery and five counts of kidnapping, appeals the trial court’s order denying his Florida Rule of Criminal Procedure 8.850 motion. Patak asserts in the motion that the trial court erred by failing to conduct a sufficiently detailed factual inquiry before accepting Patak’s guilty plea and that his trial counsel was ineffective because he failed to investigate the circumstances underlying the kidnapping charges, which Patak claims did not constitute kidnapping, and because he advised Patak to plead guilty to five counts of kidnapping. We find no merit to any of the arguments and therefore affirm the order.
The record provided to this court indicates that Patak placed two bank employees inside the vault at gunpoint, ordered them to fill his bag with money, and after they had complied, ordered them to lie on the floor of the vault. The record also indicates that Patak ordered three other employees at gunpoint to lie on the bank floor, and then sprayed them with pepper spray or mace. Patak admitted that he sprayed the pepper spray or mace to aid his escape. See § 787.01(1)(a), Fla. Stat. (1997); Berry v. State, 668 So.2d 967 (Fla.1996); Carter v. State, 468 So.2d 370 (Fla. 1st DCA 1985). There was no need for Patak to spray the victims because they had complied with his demands and were lying prone on the floor at the time he sprayed them. The actions of ordering the bank employees into the vault at gunpoint, further ordering them to lie on the vault floor, and ordering the others at gunpoint to lie prone on the bank floor, and then spraying them with pepper spray or mace, were not slight, inconsequential, and merely incidental to armed robbery. See Berry, 668 So.2d at 969; Carter, 468 So.2d at 371. The confinement that occurred as a result of these actions was not inherent in the nature of an armed robbery. See id. These actions were significantly independent of the armed robbery because they made the completion of the armed robbery substantially easier and substantially lessened the risk of detection. See Berry, 668 So.2d at 969; Carter, 468 So.2d at 371. Therefore, the record provided to this court conclusively demonstrates that a sufficient factual basis supported the kidnapping convictions. It is also clear that Patak’s counsel was not ineffective in allowing him to plead guilty to kidnapping. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring that an appellant show the specific acts or omissions of counsel which fell below a standard of reasonableness under prevailing norms; and that the outcome of the case would have likely been different but for the acts or omissions).
We therefore affirm the trial court’s order.
PADOVANO, J., CONCURS; BENTON, J., CONCURS IN PART AND DISSENTS IN PART WITH WRITTEN OPINION.