PER CURIAM.
Defendant Shane Johnson appeals his judgment and sentence on Count I, aggravated assault on a law enforcement officer with a deadly weapon, Count II, fleeing and eluding an officer at high speed, and count III, driving with license suspended. We affirm in all respects, except for appellant’s sentence, which we reverse and remand for correction as stated below.
Contrary to the trial court’s oral findings and pronouncement of sentencing appellant as a habitual felony offender on Count II, the written sentence reflects that appellant was sentenced as a habitual violent felony offender. To conform the written sentence on Count II to the trial court’s oral pronouncement, designations on the written sentence shall be corrected to reflect appellant’s status as a habitual felony offender on Count II. See, e.g., Baker v. State, 760 So.2d 1085, 1091 (Fla. 5th DCA 2000). The “v.” shall be stricken from the phrase “as v. Habitual felony offender” on the disposition slip and the checkmark opposite “Habitual Violent Offender” shall be stricken from the commitment document.
Additionally, appellant’s sentence to concurrent terms of imprisonment as a habitual felony offender, a habitual violent offender, and a prison releasee reoffender on Count I must be corrected pursuant to Grant v. State, 770 So.2d 655, 659 (Fla.2000).
AFFIRMED in part, REVERSED in part and REMANDED.
POLEN, C.J., GROSS and TAYLOR, JJ., concur.