793 So.2d 106 (2001)
Ishmael D. DAMEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3470.
District Court of Appeal of Florida, Second District.
August 17, 2001.
*107 James Marion Moorman, Public Defender, and Christopher Desrochers, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Ishmael Damen appeals his convictions for possession of cocaine with intent to sell and possession of a counterfeit controlled substance with intent to sell. He contends that the trial court erred by admitting the expert opinion of a police officer and by failing to enter a judgment of acquittal on both charges. We find merit in one of Mr. Damen's arguments and reverse his conviction for possession of a counterfeit controlled substance with intent to sell. In all other respects, we affirm.
We first address the evidentiary issue presented by Mr. Damen. The State, through the testimony of Officer Dwight Buchanan, sought to introduce both fact and opinion testimony, the former regarding his stop and search of the defendant *108 and the latter regarding whether, as an expert in street level narcotics, the quantity and packaging of the drugs were consistent with an intent to distribute. This duality of testimonial purpose presents evidentiary concerns for the trial court. Although we do not find that reversible error occurred in this case, we write to caution attorneys that a failure to distinguish between the witness's two roles can potentially cause problems.
Section 90.702, Florida Statutes (1999), permits the introduction of expert testimony where the expert's specialized knowledge will assist the trier of fact in determining a fact in issue. In Scarlett v. State, 704 So.2d 615, 616 (Fla. 4th DCA 1997), the court held that expert testimony regarding the quantity and packaging of drugs may be admitted to indicate an intent to sell, with the proviso that the witness must first be properly qualified. See also Prescott v. State, 753 So.2d 568, 569 (Fla. 4th DCA 1998). However, it may be an abuse of discretion to admit such testimony where the evidence lacks specificity and relies upon generalized patterns of behavior. Lewis v. State, 754 So.2d 897, 902 (Fla. 1st DCA 2000).
With these parameters in mind, we now examine Officer Buchanan's testimony. When Officer Buchanan was asked how the pieces of rock cocaine found in Mr. Damen's left front pocket were packaged, he answered, "The seven pieces were loose. It's, in my opinion, ready for distribution." The answer drew an objection, which was erroneously overruled by the trial court. The question called for a factual response from the officer based upon his observation of the drugs at the time of the seizure and not for an opinion. Thus, the answer was not responsive to the question. Nevertheless, after reviewing the entire record, we find that the error was harmless.
The following excerpt again demonstrates why the attorneys and court should ensure that the jury can distinguish between the fact and opinion aspects of the witness's testimony. When asked why he believed the quantity and packaging suggested that the drugs were intended for distribution rather than for personal use, Officer Buchanan testified:
Because it's packaged and he's got them separate. Basically it's easy access. He breaks it out if someone comes up to the individual carrying this. It's easy to break it out and give him a piece and keep doing business.
Clearly, the "he" in the first sentence refers to Mr. Damen and describes what the officer saw. The "he" in the third sentence cannot be Mr. Damen, however, as there is no record evidence that Mr. Damen behaved in this manner. Therefore, this segment of the officer's testimony must be regarded as opinion evidence, but the words themselves suggest that the witness has some knowledge of Mr. Damen's past or future behavior. The better practice is to have the opinion witness make a clear distinction between the defendant's actual behavior and the witness's opinion to avoid an improper spillover effect.
A similar inappropriate suggestion about Mr. Damen's behavior is again manifested in an excerpt from Officer Buchanan's testimony concerning the counterfeit controlled substance:
Q: In your expert opinion, if you were to look at that would you be able to decide if it's real cocaine or fake cocaine the way it's packaged and presented?
A: No. You would think it's real the way it's packaged and presented. He would sell that. That would be sold just as though it was real rock cocaine. You would make your money on that just like you would on your real rock cocaine.
*109 As Officer Buchanan himself explained on cross-examination, he was not qualified to offer expert testimony on the workings of Mr. Damen's mind and therefore could not offer opinion testimony that Mr. Damen intended to sell the fake cocaine. Yet, from the context, it is clear that the officer was discussing the counterfeit cocaine seized from Mr. Damen rather than giving an expert opinion regarding the drug's packaging.
Finally, we recognize that section 90.705, Florida Statutes (1999), permits an expert to opine without first testifying to the underlying facts. This record illustrates the difficulty presented by this rule to litigants as well as the court when the witness furnishes both fact and opinion evidence. Here, in order to provide a partial foundation for his expert opinion that the packaging of the drugs indicated an intent to sell, Officer Buchanan testified that he had made "hundreds, thousands" of arrests for drugs. Yet, his testimony was conspicuously silent in providing evidence of the drug's packaging in any of the prior arrests. Nonetheless, without either objection or the procedural invocation of section 90.705(2), Florida Statutes (1999), which permits a party against whom an opinion is offered to conduct a voir dire examination directed to the underlying facts of an expert's opinion, the officer's expert opinion that Mr. Damen intended to distribute the drugs was admitted.
We have offered these illustrations so that trial counsel examining a dual-purpose witness and those on the other side of the aisle can take precautions to ensure that a clear line of demarcation separates fact from opinion testimony.
As to the charge of possession of a counterfeit controlled substance with intent to sell, however, we find that the evidence was legally insufficient to sustain Mr. Damen's conviction. In section 831.31, Florida Statutes (1999), which prohibits the possession with intent to sell a counterfeit controlled substance, the legislature defined the term "counterfeit controlled substance" in two ways. The first generally requires a false label while the second requires the bearer to falsely identify the substance. The mere packaging of eight pieces of fake rock cocaine in a clear plastic bag, without more, has been held not to violate the statute. Adderly v. State, 571 So.2d 557 (Fla. 1st DCA 1990). The case of Durr v. State, 583 So.2d 424 (Fla. 1st DCA 1991), which involved possession of a sandwich bag containing twelve pieces of fake rock cocaine, reached a similar result. In each instance, the First District held that packaging the items to look like crack cocaine did not constitute the necessary false identification of the substance.
Here, Officer Buchanan removed a light blue baggie containing "counterfeit cocaine" from Mr. Damen's left front pocket along with the real cocaine rocks and a small baggie of marijuana. The substance in the blue baggie field tested negative for illegal drugs. The blue baggie bore no false labeling, nor was there any testimony that Mr. Damen falsely identified the items as a controlled substance. Likewise, there was no record evidence that the police or anyone else saw Mr. Damen marketing any of the substancesillegal or notfound in his left front pocket. In fact, when he was first encountered, Mr. Damen was merely standing in a group on a street corner engaged in lawful conduct without any apparent intent to sell counterfeit cocaine.
The testimony failed to establish either that Mr. Damen had falsely labeled the blue baggie's contents or falsely identified the contents to the officer. Therefore, as in Adderly and Durr, the State failed to prove the elements of the crime and the motion for judgment of acquittal should have been granted.
*110 Accordingly, we reverse Mr. Damen's conviction for possession of a counterfeit controlled substance with intent to sell and remand with instructions for the trial court to strike the conviction and sentence on count three. In all other respects Mr. Damen's convictions are affirmed.
BLUE, C.J., and GREEN, J., Concur.