853 So.2d 574 (2003)
Tommy MORELAND, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2042.
District Court of Appeal of Florida, Fourth District.
September 3, 2003.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals the automatic denial of his motion to correct a sentencing error, which occurred when the trial court *575 failed to rule on the motion within sixty (60) days, pursuant to Florida Rule of Criminal Procedure 3.800(b)(1)B. The basis for his motion is the discrepancy between the number of days credit for time served written in the sentencing order (536) and that orally pronounced by the trial court at sentencing (556).
The State agrees that the written sentencing order does not conform to the court's oral pronouncement. However, it suggests that the error may not be clerical in nature, and that the case should be remanded to the trial court to determine the correct number of days to be credited before the correction is made.
This court has consistently held that an oral pronouncement at sentencing prevails over a written order. See, e.g., Anthony v. State, 705 So.2d 131 (Fla. 4th DCA 1998); Gibbs v. State, 693 So.2d 65 (Fla. 4th DCA 1997); Thomas v. State, 595 So.2d 287 (Fla. 4th DCA 1992). Where there is no ambiguity in the trial court's oral pronouncement, the sentencing order must be corrected to reflect the oral pronouncement. Only where there is an ambiguity in the oral pronouncement is there a need for the court to make a factual determination before making the correction. See Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996).
There is no ambiguity in this record. The trial court clearly pronounced a credit of 556 days time served. The case is therefore remanded to the trial court to correct the sentencing order to reflect the court's oral pronouncement. Johnson v. State, 789 So.2d 1235 (Fla. 4th DCA 2001).
REVERSED AND REMANDED.
FARMER, C.J., SHAHOOD and MAY, JJ., concur.