887 So.2d 432 (2004)
J.L.F., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3278.
District Court of Appeal of Florida, Fifth District.
November 19, 2004.
James B. Gibson, Public Defender, and James R. Wulchak, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
J.L.F., a juvenile, appeals the order adjudicating him delinquent for possession of a counterfeit controlled substance with intent *433 to sell in violation of section 831.31(1)(a), Florida Statutes (2001). J.L.F. contends that because the State failed to present sufficient evidence to sustain the conviction, the trial court erred in denying his motion for judgment of acquittal. We agree.
The specific issue we must resolve is whether an individual may be convicted of possession of a counterfeit controlled substance with intent to sell merely by possessing a package containing the substance. We hold that unless the package contains a false label identifying the substance as a controlled substance, or the defendant falsely identifies the substance as a controlled substance, a conviction for possession of a counterfeit controlled substance with intent to sell or deliver may not be obtained under section 831.31. We therefore reverse the orders of delinquency and committal. We will explain our decision by discussing the facts revealed by the evidence presented at trial, followed by legal analysis of the pertinent statutory requirements that must be met in order to obtain a conviction for this offense.
While on routine patrol, two police officers saw J.L.F. and two others standing near the side of a road. Although they did not observe any drug transactions and did not recognize the individuals, the officers decided to initiate a consensual encounter. While conversing with J.L.F., one of the officers noticed that J.L.F. was chewing something that, based on the officer's experience, looked like crack cocaine. The officer asked J.L.F. to spit the substance from his mouth. When J.L.F. complied, the officer observed what appeared to be two rocks of crack cocaine contained in what the officer described as "cough drop-type wrappers" plus several loose rocks. The officer testified that the rocks were "packaged similar  in the manner in which crack cocaine is packaged, as for sales or distribution." J.L.F. was arrested and the officer field-tested the confiscated substance. The test revealed that the substance was not cocaine. After these facts were presented to the jury by the State, the State rested, and J.L.F. made a motion for judgment of acquittal arguing that the evidence was insufficient to prove the crime of possession of a counterfeit controlled substance with intent to sell under section 831.31, Florida Statutes. The trial court denied the motion.
"The purpose of a motion for judgment of acquittal is to test the legal sufficiency of the evidence presented by the state." Espiet v. State, 797 So.2d 598, 601 (Fla. 5th DCA 2001) (citation omitted). If the evidence viewed in the light most favorable to the state does not establish a prima facie case of guilt, the motion must be granted. Espiet. The appropriate standard of review to determine whether error occurred in denying a motion for judgment of acquittal is de novo. Pagan v. State, 830 So.2d 792 (Fla.2002), cert. denied, 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003); Sutton v. State, 834 So.2d 332 (Fla. 5th DCA 2003).
To determine whether the evidence presented by the State is legally sufficient to establish a prima facie case of guilt against J.L.F., we must look to the statutory elements of the offense. Specifically, section 831.31 makes it a crime to "possess with intent to sell ... a counterfeit controlled substance." § 831.31(1), Fla. Stat. (2001). A "counterfeit controlled substance" is defined in section 831.31(2) as follows:
(a) A controlled substance named or described in s. 893.03 which, or the container or labeling of which, without authorization bears the trademark, trade name, or other identifying mark, imprint, or number, or any likeness thereof, of a manufacturer other than the *434 person who in fact manufactured the controlled substance; or
(b) Any substance which is falsely identified as a controlled substance named or described in s. 893.03
This statute is clear and unambiguous and, therefore, we need not resort to the established rules of statutory construction to discern its meaning. Clearly, this statute requires that a defendant either place the substance in a container with a false label that identifies the substance as a controlled substance, falsely label the substance itself, or falsely identify the substance to another. See Damen v. State, 793 So.2d 106, 109 (Fla. 2d DCA 2001) ("[P]ackaging the items to look like crack cocaine did not constitute the necessary false identification of the substance."); Durr v. State, 583 So.2d 424 (Fla. 1st DCA 1991) (holding that the defendant's possession of a clear plastic bag containing twelve rocks of what appeared to be cocaine, but was not, did not support a conviction for possession of a counterfeit substance with intent to distribute); Adderly v. State, 571 So.2d 557 (Fla. 1st DCA 1990) (holding that placing fake crack cocaine in a nondescript, unmarked and unlabeled plastic bag was not sufficient to establish the act of mislabeling under section 831.31).
After considering the evidence in the light most favorable to the State, we conclude that the State failed to present any evidence that the substance recovered from J.L.F. was placed in a container or wrapping that mislabeled the substance as cocaine or that J.L.F. falsely identified the substance to another as cocaine.[1] Because the State failed to present legally sufficient evidence to establish the elements of the crime of possession of a counterfeit controlled substance with intent to sell in violation of section 831.31, the trial court erred in denying J.L.F.'s motion for judgment of acquittal.
Accordingly, we reverse the order of delinquency and the order of committal. We remand this case to the trial court with instructions to discharge J.L.F.
REVERSED and REMANDED.
SHARP, W. and GRIFFIN, JJ., concur.
NOTES
[1] We reject the State's argument that J.L.F. failed to properly preserve his corpus delicti argument for review. The record clearly reveals that an objection was properly made in the trial proceedings to the introduction of the inculpatory statements made by J.L.F. to the officers based on corpus delicti principles.