DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHNNY RAY GRAHAM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1763

[May 11, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562020CF000393AXXXX.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

In this appeal of a conviction and sentence for possession with intent to sell a counterfeit substance, appellant contends that the trial court erred in denying his motion for judgment of acquittal, because the State completely failed to prove that appellant possessed a counterfeit substance with the intent to sell. We agree that it was fundamental error to convict him of the crime charged and reverse.

While on patrol, two detectives with the Fort Pierce Police Department noticed a vehicle driving erratically and initiated a traffic stop. Appellant was a passenger in the vehicle. As one detective patted appellant down for weapons, he found a cigar tube in appellant's pocket with a substance inside of it. The detective suspected drugs and removed what he believed to be rocks of crack cocaine from the tube. However, a cobalt test on the rocks was negative. The detective also found a cocaine pipe, which appellant identified as his. No large amount of cash was found on appellant.

After being read his rights, appellant stated that he and the driver and a third individual, not in the vehicle, had pooled their money together to buy eighteen pieces of what they thought was crack cocaine. Appellant stated that the substance they bought was not "real" cocaine. Later testing by the crime lab confirmed that the rocks were not cocaine, but were made of acetaminophen, aspirin, and caffeine.

The State filed an information charging appellant in Count I with possession of a counterfeit controlled substance with intent to sell, a violation of section 831.31(a), Florida Statutes (2020); in Count II, it charged him with use or possession of drug paraphernalia, a violation of section 893.147(1), Florida Statutes (2020).

At trial, the detective who discovered the cigar tube testified that, based upon his narcotics investigation training, it was not normal for someone who is carrying drugs for personal use to carry the drugs in a cigar tube. The cigar tube packaging was consistent with street-level sales of crack cocaine. Through his training and experience, he testified that someone who sells narcotics normally has a lot of cash on them and a container for the drugs, such as the cigar tube. A seller may have a scale and a ledger, although a ledger may be kept on a cell phone. He also testified that the eighteen rocks within the tube was not a normal amount for three people to use. The other detective present at appellant's arrest gave similar testimony, reiterating that normally someone selling drugs would have a lot of money on their person.

Appellant moved for a judgment of acquittal, contending that the State had not proved its case under the statute, particularly with respect to the intent to sell. The court denied the motion.

The jury found appellant guilty of possession of a counterfeit controlled substance with intent to sell and possession of drug paraphernalia. Appellant was sentenced to serve 48 months in prison on Count I and 354 days on Count II, to run concurrently, with credit for time served of 354 days on each count.

This court reviews a denial of a motion for judgment of acquittal de novo. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). "Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence." *Id.* (citing *Donaldson v. State*, 722 So. 2d 177 (Fla. 1998); *Terry v. State*, 668 So. 2d 954, 964 (Fla. 1996)). If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction. *Id.*

Appellant argues that section 831.31 requires that the counterfeit substance either be labeled or identified as a controlled substance, and the evidence at trial failed to show either. We agree. Although the issue of labelling was not directly raised in the motion for judgment of acquittal, we conclude that the failure to prove the charged offense was fundamental error. *See F.B. v. State*, 852 So. 2d 226, 230 (Fla. 2003) (stating "a conviction imposed upon a crime totally unsupported by evidence constitutes fundamental error" (quoting *Troedel v. State*, 462 So. 2d 392, 399 (Fla. 1984)); *see also J.B. v. State*, 304 So. 3d 352 (Fla. 4th DCA 2020) (noting that "[w]here the state's evidence does not establish that a charged crime has occurred, such a failure of proof constitutes fundamental error"); *Griffin v. State*, 705 So. 2d 572, 574 (Fla. 4th DCA 1998) (finding that "[a] conviction is fundamentally erroneous when the facts affirmatively proven by the State simply do not constitute the charged offense as a matter of law").

Section 831.31, Florida Statutes (2020), addresses "[c]ounterfeit controlled substance; sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver[.]" *See State v. Hayes*, 446 So. 2d 1185, 1186 (Fla. 4th DCA 1984) (analyzing prior version of the statute). The statute is directed at "the problem of the distribution of counterfeit controlled substances, i.e., substances that may be identified as one thing but are really another." *Id.* The statute provides:

> (1) It is unlawful for any person to sell, manufacture, or deliver, or to possess with intent to sell, manufacture, or deliver, a counterfeit controlled substance. Any person who violates this subsection with respect to:
>
> (a) A controlled substance named or described in s. 893.03(1), (2), (3), or (4) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 831.31(1)(a), Fla. Stat. (2020).

Cocaine is a substance named and described in section 893.03(2). A counterfeit controlled substance is defined in section 831.31(2) as follows:

> (a) A controlled substance named or described in s. 893.03 which, or the container or labeling of which, without authorization bears the trademark, trade name, or other identifying mark, imprint, or number, or any likeness thereof,

of a manufacturer other than the person who in fact manufactured the controlled substance; or

(b) Any substance which is falsely identified as a controlled substance named or described in s. 893.03.

§ 831.31(2), Fla. Stat. (2020). Thus, for the State to prove a violation of section 831.31(1)(a), the State must present evidence either of some labelling, which contains some identifying mark, number, or likeness of a trademark of a manufacturer other than the person who in fact manufactured the product. Alternatively, the State must prove that the substance is falsely identified as a controlled substance listed in section 893.03.

The Fifth District explained the statutory requirements in *J.L.F. v. State*, 887 So. 2d 432, 434 (Fla. 5th DCA 2004):

Clearly, this statute requires that a defendant either place the substance in a container with a false label that identifies the substance as a controlled substance, falsely label the substance itself, or falsely identify the substance to another. *See Damen v. State*, 793 So. 2d 106, 109 (Fla. 2d DCA 2001) ("[P]ackaging the items to look like crack cocaine did not constitute the necessary false identification of the substance."); *Durr v. State*, 583 So. 2d 424 (Fla. 1st DCA 1991) (holding that the defendant's possession of a clear plastic bag containing twelve rocks of what appeared to be cocaine, but was not, did not support a conviction for possession of a counterfeit substance with intent to distribute); *Adderly v. State*, 571 So. 2d 557 (Fla. 1st DCA 1990) (holding that placing fake crack cocaine in a nondescript, unmarked and unlabeled plastic bag was not sufficient to establish the act of mislabeling under section 831.31).

Because the crime requires the mislabeling of the container or the false identification of the substance, appellant's eighteen rocks in the cigar tube which were not cocaine do not meet the definition of a controlled substance as set forth in section 831.31(2). Further, appellant never identified the substance as a controlled substance. To the contrary, appellant specifically told the detective that it was fake cocaine.

As the State failed to prove that the charged crime occurred, we must reverse his conviction and sentence as to Count I for violation of section

4

831.31(1)(a), Florida Statutes (2020).[1]  We affirm the conviction and sentence on Count II for possession of drug paraphernalia.

*Reversed and remanded to vacate conviction and sentence on Count I; conviction and sentence on Count II affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Other statutes may have applied to these facts, such as section 817.564, Florida Statutes (2020), but the State only charged a violation of section 831.31(1)(a).