DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHANCERY STURRUP,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2804

[June 25, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 20-005191CF10A.

Daniel Eisinger, Public Defender, and Sue-Ellen Kenny, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

### *ON CONFESSION OF ERROR*

PER CURIAM.

The defendant appeals from his convictions and resulting sentences for various offenses arising from an armed carjacking. The defendant argues, as his only issue on appeal, that the trial court's written sentencing order does not conform to the oral pronouncement of sentence with respect to the length of the sentence imposed on the armed carjacking count (Count 2).

A trial court's "oral pronouncement of a sentence controls over the written sentencing document." *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007); *see also, e.g., Moreland v. State*, 853 So. 2d 574, 575 (Fla. 4th DCA 2003) ("This court has consistently held that an oral pronouncement at sentencing prevails over a written order.").

We therefore accept the State's concession of error and remand this case to the trial court for the ministerial act of conforming the written

sentencing order to the oral pronouncement of sentence on the armed carjacking count (Count 2). *See, e.g., Migdal v. State*, 970 So. 2d 445, 448-49 (Fla. 4th DCA 2007) (characterizing "a mistake in the *written* sentence that is at variance with the oral pronouncement of sentence or the record" as a "clerical or ministerial error[] in a criminal case" (quoting *Ashley v. State*, 850 So. 2d 1265, 1268 n.3 (Fla. 2003))). Because correcting the sentence is a purely ministerial act, the defendant does not need to be present for it. *See, e.g., Jordan v. State*, 143 So. 3d 335, 339 (Fla. 2014) (recognizing that a defendant need not be present for a purely ministerial sentence correction). In all other respects, we affirm.

*Affirmed in part and reversed in part.*

GROSS, CONNER and ARTAU, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***