711 So.2d 1286 (1998)
Michael McCUTCHEON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0404.
District Court of Appeal of Florida, Fourth District.
May 27, 1998.
Rehearing Denied June 25, 1998.
*1287 Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellee.
SHAHOOD, Judge.
This is an appeal from the denial by the trial court of appellant's motion for judgment of acquittal on the charge of armed false imprisonment. We reverse.
The facts material to this appeal are as follows. At trial, the victim, Melissa Shires ("Shires"), testified that she was the store manager for an accessory business in the Hollywood Mall. On the morning in question, approximately an hour after the store opened for business, appellant entered the store and approached the area where the victim and cash register were located. The register was located near the back of the store near the stockroom and the store safe was located in the stockroom.
Appellant approached the area of the register and after a short period of time went behind the register where the victim was standing. Shires initially thought he was looking at merchandise but realized that he wasn't when he pushed her back behind the counter toward the stockroom. Appellant wanted Shires to go into the stockroom and open the safe. Shires stopped at the stockroom door and told appellant there was no money in the safe, but that she would get the money out of the register. Appellant however, forced her into the stockroom. After entering the stockroom, appellant pushed Shires up against the wall and started hitting her because she wouldn't open the safe. When he pinned her arm against the wall and Shires started screaming, he began hitting the left side of her face with his right hand which also held a gun. Shires kept screaming for help and appellant kept telling her to shut up.
When he dropped the gun, Shires tried to run. However, appellant managed to close the stockroom door and pin Shires onto the floor of the stockroom where he began choking her. The struggle lasted for approximately fifteen minutes. When appellant released Shires, she opened the safe which contained only a coin bag and a few watches. Appellant then demanded that Shires open the cash register. When he reached for the money in the drawer, Shires ran out of the store yelling for help. Appellant then fled and was ultimately apprehended.
Appellant was charged by Information with robbery with a firearm, armed kidnapping and aggravated battery. The case proceeded to a trial by jury.
At the conclusion of the state's case, McCutcheon moved for judgments of acquittal on the various charges. Appellant's motion for judgment of acquittal on the robbery with a firearm was granted and reduced to *1288 strong armed robbery. The motion with respect to armed kidnapping was granted and reduced to armed false imprisonment and the motion was denied with respect to aggravated battery. Motions for judgments of acquittal on the reduced charges were likewise denied.
The jury returned a verdict of guilty to the charge of robbery in count I; guilty to the charge of armed false imprisonment with a weapon in count II; and guilty of battery, a lesser included offense to the charge of aggravated battery in count III.
In reviewing the denial of appellant's motion for judgment of acquittal on the charge of false imprisonment, the question before this court is whether appellant's actions satisfied the test adopted in Faison v. State, 426 So.2d 963 (Fla.1983), as hereinafter set forth, to support his conviction for armed false imprisonment under section 787.01, Florida Statutes (1995).
It is well settled that false imprisonment is a necessarily lesser included offense of kidnapping. See State v. Sanborn, 533 So.2d 1169, 1170 (Fla.1988)(kidnapping and false imprisonment are identical except for the question of intent). Thus, proof of the elements of the kidnapping statute, under Sanborn, constitutes proof of the elements of false imprisonment. See Perez v. State, 566 So.2d 881, 883 (Fla. 3d DCA 1990); § 787.02, Fla. Stat. (1995).
Section 787.01, Florida Statutes, defines "kidnapping"[1] as follows:
(1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
In cases where kidnapping or false imprisonment have been charged along with other crimes, courts have applied the Faison test to avoid a literal interpretation of the two statutes that would "convert almost every forcible felony" into an additional crime. See Rohan v. State, 696 So.2d 901, 903 (Fla. 4th DCA 1997). As the Faison court noted, a literal interpretation of subsection 787.01(1)(a)2 would result in a kidnapping conviction for "any criminal transaction which inherently involves the unlawful confinement of another person, such as robbery or sexual battery." Faison, 426 So.2d at 966(quoting Mobley v. State, 409 So.2d 1031, 1034 (Fla.1982)); see also, Berry v. State, 668 So.2d 967, 968 (Fla.1996)(Faison was adopted in order to limit the circumstances under which confinement, abduction, or imprisonment will constitute kidnapping).
Faison provides a framework for analyzing the facts of a case to determine whether a defendant's conduct amounts to a confinement crime separate from other criminal charges. See Rohan, 696 So.2d at 903. Under Faison, the Florida Supreme Court set forth the following three-prong test:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
426 So.2d at 965; see Berry v. State, 668 So.2d 967 (Fla.1996).
In this case, the Information on the original charge of armed kidnapping alleged that appellant "did unlawfully and forcibly, secretly, or by threat, confine, abduct or *1289 imprison Melissa Shires against her will and without lawful authority with intent to commit or facilitate commission of a felony, to-wit: Armed Robbery, and in the course thereof, he armed himself with a weapon, to-wit: a handgun, contrary to F.S. 787.01 and F.S. 775.087(1)." As the Information only charged appellant with kidnapping during the commission of the armed robbery, Faison is directly applicable. See Waddell v. State, 696 So.2d 1229, 1230 (Fla. 3d DCA 1997), review denied, 707 So.2d 1128 (Fla.1998)(Faison, has no applicability where the charge for kidnapping alleges any of the other specific intentions identified in section 787.01(1)(a)1, 3 or 4.).
Appellant challenges only the first prong of Faison. He argues that the trial court erred in denying his motion for judgment of acquittal since any restraint, confinement, abduction or imprisonment of the victim was for the sole purpose of the robbery. Appellant claims that forcing the victim in and out of the stockroom was in order to force her to open the safe and the cash register. We agree finding that the requirements of Faison were not satisfied.
The Florida Supreme Court in Berry v. State, 668 So.2d 967, 969 (Fla.1996) construed the first prong to mean "that there can be no kidnapping where the only confinement involved is the sort that, though not necessary to the underlying felony, is likely to naturally accompany it. It is the confinement of the victims, rather than their movement, which justifies the kidnapping conviction. See id. at 970. In applying the test, the court explained:
For example, if Berry and the others had confined the victims by simply holding them at gunpoint, or if the robbers had moved the victims to a different room in the apartment, closed the door, and ordered them not to come out, the kidnapping conviction could not stand. In both hypotheticals, any confinement accompanying the robbery would cease naturally with the robbery. By contrast, in this case the robbers left the scene of the robbery without untying the victims, thereby leaving them both in a precarious and vulnerable state for a period beyond the robbery. Like the situation where the victim of a forcible felony is barricaded or locked in a room or closet, the confinement continued even after the robbery had ceased. This is not the sort of confinement that is incidental to robbery.
Id. at 969. The Berry court acknowledged that the Faison test was not easy to apply, in that the difficulty lies not with the test, but with the diverse factual situations to which it must be applied. See id. at 970.
In applying Faison to the specific facts in this case, it is evident that the first prong of Faison has not been satisfied as the movement and confinement of the victim did not amount to criminal conduct separate from the robbery.
Shires was pushed into the stockroom where the safe was located. Appellant began to hit Shires when she refused to open the safe, and he closed the door to the stockroom so no one could observe his actions or hear Shires' screams. When Shires attempted to run, appellant pulled her back into the stockroom. As the two struggled, appellant pinned Shires to the ground and began choking her, before she agreed to open the safe. At no time was Shires ever tied up in any way or confined any longer than the robbery. See Griffin v. State, 705 So.2d 572, 574 (Fla. 4th DCA 1998). After opening the safe, appellant then forced Shires out of the stockroom and ordered her to open the cash register.
Clearly, Shires' confinement ceased once she was ordered out of the stockroom and most certainly once the robber left the store. Further, Shires was never left in a precarious or vulnerable state for a period of time beyond the robbery. See Berry; Griffin. As such, Shires' confinement was the sort of confinement likely to naturally accompany the underlying felony. See Berry, 668 So.2d at 969. Hence, the first prong in Faison was not satisfied.
Accordingly, appellant's conviction for armed false imprisonment is reversed with directions to discharge him as to that offense.
REVERSED AND REMANDED WITH DIRECTIONS.
*1290 STEVENSON, J., concurs.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I believe there was sufficient evidence to make it a jury question whether appellant's confinement of the victim was incidental to his attempts to commit robbery. The victim testified the defendant had her pinned down on the floor for some fifteen minutes, albeit as part of his attempts to force her to open the safe. The jury was free to believe this testimony (as it apparently did), and also to determine such detention of the victim went beyond acts incidental to the robbery. See Perez v. State 566 So.2d 881 (Fla. 3d DCA 1990). I would affirm.
NOTES
[1] Section 787.02, Florida Statutes (1995) defines "false imprisonment" as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will."