FARMER, J.
This is a robbery and burglary of a fast food restaurant that ultimately turned into a kidnapping too. The defendant was found guilty with an accomplice of accosting an employee of the restaurant in its parking lot just after closing, whence they forced her back into the restaurant and into the office, in which they held her while they completed the robbery and burglary.[1] We reject defendant’s contention that the restraint and confinement of the employee was merely incidental to the robbery/burglary and affirm the kidnapping conviction as well as the robbery and burglary. See Berry v. State, 668 So.2d 967, 969 (Fla.1996); Walker v. State, 604 So.2d 475, 477 (Fla.1992); and Faison v. State, 426 So.2d 963, 965-66 (Fla.1983).
The trial court enhanced defendant’s sentence for using a firearm during the crimes. The verdict did not contain a special interrogatory finding, as such', of the use of a firearm. Defendant now argues on appeal that it was error to enhance his sentence for use of a firearm where there is no jury finding on the subject.[2]
We pause to note initially that defendant did not raise this issue in the trial court. See § 924.051(l)(b) and (3), Fla. Stat. (1997); and Harriel v. State, 710 So.2d 102, 104 (Fla. 4th DCA 1998). Nor did he file a motion in the trial court post judgment to correct the sentence. See Fla.R.Crim.P. 3.800. Thus even if the trial court committed error in failing to require a specific jury finding, we are required to find the error fundamental in order to reverse the sentence. See 924.051(3), Fla. Stat. (1997) (“An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.”). Assuming, but without deciding, that a sentence that is enhanced without a proper factual foundation is fundamental error, we turn to whether the enhancement was proper in this case. '
In State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984), the court held that “before a trial court may enhance a defendant’s sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question” on a special verdict form. In State v. Hargrove, 694 So.2d 729 (Fla.1997), the court added that:
“Even where the use of a firearm is uncontested, the overriding concern of Overfelt still applies: the jury is the fact finder, and use of a firearm is a finding of fact. If the State wishes to guard against the recurrence of a situation such as in the instant case, it is in a position to do so: it has the right to propose an interrogatory on the verdict form asking whether or not the jury finds the defendant guilty of a crime involving usé of a firearm.”
694 So.2d at 730.
Recently in Tucker v. State, 726 So.2d 768 (Fla.1999), the court held:
“an enhanced sentence should be upheld if based on a jury verdict which specifically refers to the use of a firearm, either as a separate finding or by the inclusion of a *339 reference to a firearm in identifying the specific crime for which the defendant is found guilty.”
Slip Op. at 4., 726 So.2d at 772 [c.o.] In that case, the jury had specifically found defendant guilty of “attempted first degree murder with a firearm” [emphasis supplied] See Tucker v. State, 701 So.2d 398, 399 (Fla. 5th DCA 1997). The court concluded that even though the jury verdict did not constitute a “special verdict form” as required in Overfelt and Hargrove, the essential requirements of those decisions were met by a verdict that expressly finds a defendant guilty of a crime involving the use of a firearm.
In this ease, the verdict forms were not ambiguous. As regards the use of a firearm or not, they gave the jury three options for a verdict of guilty on the charges of robbery with a firearm, armed burglary and armed kidnapping. The three alternatives were: (1) “with a firearm, as charged in the Information;” (2) “with a deadly weapon not a firearm, a lesser included offense;” or (3) “without a weapon, a lesser included offense.”[3] Under Tucker this form of the three verdicts was sufficient to enhance the sentence for the use of a firearm during the crimes.[4]
WARNER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. Defendant was charged with robbery “with a firearm,” armed kidnapping "with a firearm,” and armed burglary "with a firearm.”

. The maximum penalty for- robbery, burglary and kidnapping is life imprisonment. See §§ 787.01(2), 810.02(2), 812.13(2), Fla. Stat. (1997). The defendant was sentenced to twelve years for each charge.

. She instructed the jury as to the count of robbery with a firearm as follows:
“[I]f you find the defendant guilty of robbery you must then consider whether the State has further proved those aggravating circumstances and reflect it in your verdict. If you find the defendant carried a firearm in the course of committing the robbery, you should find him guilty of robbery with a firearm. If you find the defendant carried a weapon that was not a firearm in the course of committing the robbery, you should find him guilty of robbery with a deadly weapon. If you find that the defendant carried no firearm or deadly weapon in the course of committing the robbery, you should find him guilty of robbery without a firearm.”
She then gave the functional equivalent of the first two sentences quoted above for the armed burglary and armed kidnapping charges, but she omitted the equivalent of the last two sentences for these latter charges. On appeal defendant complains of the omission of these last two sentences as to the finding of guilty with a firearm as to the burglary and kidnapping charges. But the record reflects that he failed to object to that omission at trial; hence he has failed to show prejudicial error as to that omission.

. We reject defendant’s companion argument that it is a violation of due process to punish him more severely for wielding a firearm during a crime where there is no specific jury finding that he possessed a firearm. See McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); see also Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).