STONE, J.
Appellant, charged with attempted second-degree murder and kidnapping, was convicted of the lesser-ineluded offense of battery and false imprisonment. He was also charged and convicted of resisting arrest without violence. On appeal, Appellant argues the trial court erred by failing to grant his motion for judgment of acquittal as to kidnapping and false imprisonment, because his conduct in committing the battery was indistinguishable from the conduct the jury found to be false imprisonment. We affirm.
After going out to a friendly lunch, Appellant drove the victim, Joanne Benjamin, home. Benjamin indicated that she did not want him to come in; nevertheless, he followed her into the apartment when she entered to answer the telephone. After Benjamin asked him to leave several times, Appellant threw a glass at her face, stunning her. Benjamin tried to exit through the front door, but Appellant pulled her back by her hair, wrestled her to the ground, pinned her arms underneath his legs, started to choke her, and told her several times that he would kill her so “no one finds out what I have done to you.” She continued struggling to escape, and he dragged her by the hair and neck from the living room into the bedroom, where he *1154 continued his assault. Appellant eventually fled when he heard the police at the apartment.
False imprisonment is defined as “forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person ... against his [or her] will.” § 787.02, Fla. Stat. (1995). In affirming, we have considered McCutcheon v. State, 711 So.2d 1286 (Fla. 4th DCA 1998), in which we recognized that “proof of the elements of the kidnapping statute ... constitutes proof of the elements of false imprisonment.” Id. at 1288. “In cases where kidnapping or false imprisonment have been charged along with other crimes, courts have applied the Faison[1] test to avoid a literal interpretation of the two statutes that would ‘convert almost every forcible felony’ into an additional crime.” Id. “Faison provides a framework for analyzing the facts of a case to determine whether a defendant’s conduct amounts to a confinement crime separate from other criminal charges.” Id. The Faison test consists of the following three prongs:
If a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Id. (quoting Faison, 426 So.2d at 965). All three prongs of Faison must be satisfied to sustain a kidnapping or false imprisonment conviction. See Cathcart v. State, 643 So.2d 702, 703 (Fla. 4th DCA 1994).
We conclude that the Faison prongs have been satisfied here. In doing so, we note that the elements of the false imprisonment are not inherent in, or merely incidental to, a battery, as they might be in the case of certain other offenses. Therefore, we distinguish those opinions in which a false imprisonment conviction was reversed for failure to meet the Faison test when coupled with a robbery, see, e.g., McCutcheon, 711 So.2d at 1288-89, or a burglary with a battery, see Rohan v. State, 696 So.2d 901 (Fla. 4th DCA 1997). We can discern no comparable reason, however, for concluding that false imprisonment conduct need be deemed incidental to a battery. If anything, where, as here, the restraint is not slight or inconsequential, a misdemeanor battery is more likely to be incidental to the felony false imprisonment. We also note that the restraint in this case has independent significance, as it made the battery easier to commit and lessened the risk of detection.
We also find no reversible error or abuse of discretion as to the other issues raised on appeal.
GUNTHER and POLEN, JJ„ concur.

. Faison v. State, 426 So.2d 963 (Fla.1983).