POLEN, J.
This appeal arises from a jury verdict finding Charles Russell guilty of False Imprisonment, Robbery with a Deadly Weapon, and Trespass. For the reasons outlined below, we reverse the false imprisonment conviction and instruct the trial court, on remand, to resentenee Russell and enter an order in compliance with this opinion.
On August 7, 2001, around 7:00 in the morning, a drive-through convenience store clerk was working in his store. He went outside to check on an ice machine. As he began heading back inside through the western door, he saw two men with masks running toward the eastern door. One man was holding a shovel handle and the other man was holding a machete. They were yelling at the clerk to open the safe. The clerk started to back up, but he fell. The masked men grabbed him by his shoulders and pulled him inside the store to the safe. The clerk opened the safe, then the cash drawer, and the two men put the money in a brown paper bag. One of the men was later identified as Charles Russell.
Russell was charged with kidnaping, robbery with a deadly weapon, and burglary with a dangerous weapon. After a jury trial, Russell was found guilty of false imprisonment, a lesser included offense of the kidnaping charge, robbery with a deadly weapon, and trespass, a lesser included offense of burglary. On appeal Russell contends the trial court erred in denying his motion for judgment of acquittal on the kidnaping charges. We agree.
“A motion for judgment of acquittal is reviewed under a de novo standard of review.” Jones v. State, 869 So.2d 1240 (Fla. 4th DCA 2004) (citing Mohansingh v. State, 824 So.2d 1053 (Fla. 5th DCA 2002)). If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime, beyond a reasonable doubt there is sufficient evi *1258 dence to sustain a conviction. Banks v. State, 732 So.2d 1065 (Fla.1999).
For a kidnaping conviction to stand, the resulting movement or confinement: (1) must not be slight, inconsequential, and merely incidental to the other offense; (2) must not be of the kind inherent in the nature of the other offense; and (3) must have some significance independent of the other offense in that it makes the other offense substantially easier to commit or substantially lessens the risk of detection.
Brown v. State, 719 So.2d 955 (Fla. 4th DCA 1998) (citing Faison v. State, 426 So.2d 963 (Fla.1983)).
The first prong of the Faison test requires that the movement or confinement not be slight, inconsequential, and merely incidental to the other offense. The movement and confinement of a victim is slight and inconsequential insofar as the movement and confinement is necessary and/or incidental to commission of the robbery. See, e.g., Walker v. State, 604 So.2d 475 (Fla.1992) (reversing kidnaping conviction where limited movement and confinement of the four occupants within the interior of the store were not significant); Formor v. State, 676 So.2d 1013 (Fla. 5th DCA 1996) (reversing kidnaping convictions where defendants, after robbing the victims, ordered them into the bathroom and told them not to come out or they might be killed); Jones v. State, 652 So.2d 967 (Fla. 3d DCA 1995) (reversing kidnap-ing conviction where robber forced one victim to the back office and directed her to open safe, and ordered other two victims to stay put and quiet while he committed the robbery).
We are unpersuaded by the state’s contention that the movement in this case was not slight or inconsequential because the victim was outside of the store and dragged in. We find no logical distinction, in terms of evaluating the nature of the movement under Faison, between a case where the defendant moves the victim from one room to another within a building to effectuate a crime and the situation presented in this case.
In McCutcheon v. State, 711 So.2d 1286 (Fla. 4th DCA 1998), this court reversed a trial court’s denial of a motion for judgment of acquittal on kidnaping charges under even more egregious circumstances. In McCutcheon, the victim was working at a store when the defendant came in. He pushed the victim into a stockroom where the safe was located and closed the stockroom door. The defendant hit the victim in the face with a gun and began choking her. The victim attempted to run, and the defendant pulled her back into the stockroom and pinned her to the ground. A struggle continued between the victim and the defendant until the victim agreed to open the safe. Id. at 1289.
In concluding that the defendant’s kid-naping conviction in McCutcheon could not stand, a majority of this court noted that the victim was never tied up in any way or confined any longer than the duration of the robbery. As a result this court held that the “confinement was the sort of confinement likely to naturally accompany the underlying felony.” Id.
In the case at bar, the victim was outside of a small drive-thru store, when the men approached. The victim testified that he was heading back into the store when he noticed the men and was “stepping into the store” at the time they came at him. He tried to back away from the men, but he fell. Both men pulled him up by his shoulders. At that time, he estimated that he was six feet away from the store. He also explained that he was dragged into the store, to the safe specifically, and forced to open the safe. He was *1259 not confined any longer than the robbery. In short, the confinement was the sort of confinement likely to naturally accompany the underlying crime.
The state was unable to satisfy the test enunciated in Faison and the trial court erred in denying the motion for judgment of acquittal on the kidnaping charge. For these reasons we reverse Russell’s conviction for false imprisonment and instruct the court to enter an order consistent with this opinion.
REVERSED.
FARMER, C.J., and MAY, J., concur.