LEVINE, J.
The appellant was convicted of attempted robbery with a firearm, aggravated assault with a firearm, armed kidnapping with a firearm, and resisting arrest with violence. The only issue we discuss is whether the trial court erred in failing to grant the motion for judgment of acquittal on the charge of armed kidnapping. We find that the -trial court erred and should have granted the judgment of acquittal. The evidence demonstrated that the appellant’s actions, which formed the basis of the armed kidnapping, were slight, inconsequential, and merely incidental to the charge of armed robbery. Although we affirm on all the other counts, we reverse the conviction for armed kidnapping and remand for further proceedings.
In 2004, the appellant entered a check cashing store in Hollywood and told the manager, Dorothy McReynolds, that he was robbing the store. The appellant pulled out a gun, took McReynolds to a bathroom, placed her in handcuffs, and threatened to shoot her. The appellant went to lock the front door, and while he stepped away, McReynolds hit a silent panic button. The appellant then returned and took McReynolds to the counter, told her to lie down on the floor, and asked for the combination to the safe. McReynolds gave the appellant the incorrect combination to the safe, and when the appellant entered those wrong numbers, a ten-minute delay period was triggered before another combination could be entered. The appellant then threatened McReynolds that she should give him the correct numbers to the safe, or the appellant would “blow [her] away.”
At this point, another woman came to the store, and the appellant opened the door for her. The appellant relocked the door and told the woman, Julissa Rios, that it was a hold-up. The appellant pointed a gun at Rios and ordered her to lie on the floor next to McReynolds. The appellant told Rios that what he wanted was in the safe, and he repeated his demands for McReynolds to open the safe. The appellant threatened McReynolds by saying he knew where she lived and by reciting her home address.
The police arrived at that point and telephoned the store. The appellant answered and said that everything was fine. The appellant wanted McReynolds to tell the police that the situation was normal, but he could get only one handcuff off of McReynolds. Instead, he told Rios to go to the police and tell them everything was fine. Rios ran out of the store and told police that the appellant was inside with a gun and another woman in handcuffs. Officers surrounded the building, and the appellant ran into the bathroom. When McReynolds heard a crash in the bathroom, she ran out of the store. The appellant escaped from the store by climbing through the ceiling, and police found him hiding in a neighboring building a short time later.
A motion for judgment of acquittal is reviewed de novo on appeal. Jones v. State, 869 So.2d 1240, 1242 (Fla. 4th DCA 2004). The sole issue we discuss is whether the constraints placed by the appellant on McReynolds were sufficient to constitute the separate and distinct crime of kidnapping. The Florida Supreme Court adopted in Faison v. State, 426 So.2d 963 (Fla.1983), a three-part test for determining whether a defendant’s actions during the commission of another felony would also constitute a separate and distinct crime of kidnapping. The court explained, in pertinent part, as follows:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
*88 (b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Id. at 965 (quoting State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)).
The act of moving a victim from one room to another during the course of a robbery is insufficient to establish a kidnapping separate and distinct from the robbery. In Wilcher v. State, 647 So.2d 1013 (Fla. 4th DCA 1994), the defendant entered a store at gunpoint and ushered employees into a room fifty to sixty feet from the front of the store. The employees were forced to lie on the floor while the manager was taken to the front of the store to open the safe. The court found that the alleged kidnapping was incidental to the robbery and insufficient to establish a separate kidnapping charge. To reach this conclusion, this court relied on the Florida Supreme Court’s decision in Walker v. State, 604 So.2d 475 (Fla.1992), where the defendant ordered four occupants of a store during a robbery to move approximately forty feet to the back of the store. The supreme court held that the evidence was insufficient to sustain a conviction for kidnapping, as the “limited movement and confinement of the four occupants within the interior of the store were not significant.” Id. at 477.
Further, a kidnapping charge cannot stand where the victim’s confinement ceases when the accompanying crime ends. In Russell v. State, 874 So.2d 1256 (Fla. 4th DCA 2004), a clerk was standing outside of a convenience store when the defendant and an accomplice approached and pulled the clerk back inside the store by his shoulders. The clerk opened the safe and the cash drawer, and the defendant and his accomplice fled. The court held that this act was insufficient to support a kidnapping conviction, finding that the “confinement was the sort of confinement likely to naturally accompany the underlying crime.” Id. at 1259. By contrast, in Berry v. State, 668 So.2d 967 (Fla.1996), the Florida Supreme Court held that a confinement was not “slight, inconsequential, and merely incidental’^ to the other crime where the robbers did not untie the victims when they left the scene. The court acknowledged, however, that “any confinement accompanying [a] robbery” would be incidental if it “cease[d] naturally with the robbery.” Id. at 969.
In the present case, the appellant ordered McReynolds into a different room of the store, the bathroom, so that the appellant could lock the front door. Shortly thereafter, the appellant ordered McReynolds to lie on the floor by the safe. The appellant eventually also unlocked one of the handcuffs on McReynolds so that neither victim was bound or barricaded when the appellant fled the store. McRey-nolds’s confinement “ceased naturally” with the end of the robbery, as she was free to exit the store when the appellant climbed through the bathroom ceiling.
In conclusion, the evidence as it related to the kidnapping did not satisfy the “test enunciated in Faison and the trial court erred in denying the motion for judgment of acquittal on the kidnapping charge.” Russell, 874 So.2d at 1259. We therefore reverse the appellant’s kidnapping conviction and remand for further proceedings. We affirm as to all other counts.

Affirmed in part; reversed in part; remanded.

HAZOURI, and CIKLIN, JJ„ concur.